Mr. Holland correct okay the honors may it please the court my name is Brooks Holland and I do represent Kimberly Rouse with the court's permission I'd like to reserve one minute for rebuttal sure keep an eye on the clock I will thank you the honors miss Rouse appeals her conviction by jury verdict of criminal possession of marijuana with the intent to distribute and her sentence of one year and one day of incarceration miss Rouse was tried on an possession offense as well as conspiracy to distribute along with three co-defendants mr. down mr. McLeod and mr. Clark miss Rouse was tried how it alone however because the three co-defendants absconded prior to trial and to my knowledge remain fugitives the jury could not reach a verdict on the conspiracy count and the district court declared a mistrial and the government represented that it would not reprosecute on that charge on appeal your your honors we argue three main points first that the evidence was legally insufficient to support the conviction of the possession offense second that the district court committed plain error in allowing agent Mitch pritt-pribble p-r-i-b-b-l-e to offer an expert opinion interpreting infrared thermal images that were played before the jury in a video exhibit that was trained in that and they looked at it and he told what he saw is that right correct your honor the record makes clear through direct and cross examination that agent pribble was basing his interpretation as he called it both on his visual inspection of the video that was being played for the jury contemporaneously with his testimony and his training and experience both in using the infrared camera device that recorded these instruments as well as unspecified training and experience over about 20 years in interpreting these images it's for that reason that we argue that this testimony constituted expert opinion evidence subject to the strictures of federal rule of evidence 702 a mixture of being a precipient witness and an expert correct but it was an unusual combination of testimony the way it came in the jury itself could see as this video exhibit was being played for the jury this video exhibit was played during the testimony of multiple witnesses another agent agent strawsky also describe the contents of this video he was the agent who downlinked the video from agent privilege approval was recording this video from an airplane at about 6800 feet above what are you saying that there should have been a doberk hearing or what are you saying a doberk hearing or some foundation demonstrating the methodology that agent purple used to interpret the specific moment in the video that's the subject of our evidentiary challenge I wonder counsel nobody ever objected to the testimony nobody ever asked for the hearing nobody ever in challenged the validity of the infrared technology so it seems to me that I have to find plain error don't I that is correct your honor and if I have to find plain error then I have to review the testimony and if the testimony shows the reliability of this witnesses testimony as an expert then it shows what his foundation may have been for what he did I really haven't got much to say ever because here it was over a thousand hours of experience no evidence of misuse another agent also provided infrared information as you suggested how the infrared worked and how to interpret it and we've allowed infrared information before and us versus Sanchez so as I look at the testimony and as I look at what there is record doesn't seem to me that plain error is a good review we are the challenges not to the ability of the video which contains the thermal images produced by the infrared camera we can see that a sufficient foundation was laid under existing case law for the admission of that evidence our challenges to agent purple's testimony interpreting one very specific and very important portion of that video where agent purple testified that based on his training experience he could see something that frankly is simply not discernible from a layperson observation of this video that it shows miss rouse on the boat physically going to one side of the boat in assisting mr. gal in unloading the bags of marijuana from the boat so that he could deliver them to shore for an offload right in a layperson observation of this video simply does not reveal anything close to that degree of specificity but if I look at what there is in the record about his foundation for what said and given that I have to find this to be plain error problem I'm having trouble finding why it is plain air you are the problem is that while agent purple testify to his training and experience in using and even interpreting the thermal images produced by the infrared camera he never explained the method by which he was able through that training experience to interpret a video that in no way depicted to the layperson I what he said was there is very specific unique movements identified remotely from 6800 feet in the air by infrared camera and the error is substantial affecting the rights and interests of miss rouse because this really was the push point in the evidence that got this case passed potentially a legal sufficiency claim certainly on the way to a very large boat was it no it was a relatively small boat here the pictures are eliminated to some extent I'm sorry the pictures that were provided rather you know the boat is kind of small yes you're correct and I think a fair view of the video and the portion to which agent purple testified shows that there's somebody on the boat and there's some movement on the boat corresponding to a time when mr. gal returned for the final offload there were four bags of marijuana that were offloaded and mr. gal retrieved believe three of them according to the video and delivered them to mr. Clark on the land for the drop-off before the moment when miss rouse according to agent purple's testimony came over and helped to lift one of these heavy bags and hand it to mr. gal for the delivery which really other than mere presence and association is the key moment when the government was able to argue active assistance by miss rouse in his marijuana operation if we were to eliminate that what do we have we know she was in the boat that went in there with lights off we know that there were big hockey bags of marijuana that were unloaded and I guess she was at the wheel when they left is that right that is correct the evidence however demonstrates nothing about why or how miss rouse got into this boat present and associating with mr. gal the evidence was rather strong as to mr. gal mr. Clark mr. McLeod about the participation in a marijuana distribution conspiracy miss rouse however was sort of inexplicably present on the boat the driving of the boat away from the scene certainly is a suspicious moment and the government highlighted it but it's a very different case that she is departure while mr. gal according to the testimony was back in the engine compartment of the car then to have evidence that miss rouse according to agent Pribble's testimony was helping to unload bags of marijuana and hand them to mr. gal otherwise there was I'm sorry I'm sorry I didn't mean to cut off if you had further answer to that question well thank you I was only going to highlight that there was no other evidence demonstrating a connection meaningfully between miss rouse in this marijuana operation in fact the jury could not reach a verdict on the conspiracy count however if I look at the evidence the hockey bags weighed 224 pounds I looked at that small boat judge Piaz looked at there were four of them they gave off an odor I mean they didn't smell like alfalfa which is what I normally smell they you know you know what that's all about marijuana the boat came to shore with the blights off there was a brief attempt to get away with her driving she made false statements about the boat breaking down when they reviewed all of the evidence boat didn't break down at all went back across this particular body of water several times I mean if I even throw off participated in unloading the bags it seems to me there's sufficient evidence to come by what what I need to say that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt and my worry is that now I'm supposed to plain air review when I've got this guy who tells me how much experience he's had in the record and I got nobody challenging the fact that there was a misuse here so I'm having trouble frankly getting to where you want me to go you know I see him in my final 10 seconds may I respond to the court's question go ahead thank you your honor the concern is that while there were suspicious circumstances to the arrival of the boat there was marijuana on the although there was no testimony that these bags of marijuana would have been as easy to snow at 25 to 30 knots out on open water as they were in the back of a van when the officers opened the closed van and detected the strong odor but even if Miss Rouse was on the boat in new marijuana was there the question is whether she'd been taken for a ride from what may have been a social connection with Mr. Gallifrey honors recall the evidence demonstrated that she was wearing essentially evening social attire she was wearing suit pants and a jacket she had evening shoes on and was coming from the Crescent Beach Marina whether she was an active participant in the delivery of marijuana into the United States without agent Pribble's testimony we have essentially equivocal evidence that could go either way in terms of the inferences that could be drawn and it was only agent Pribble's testimony that really served as the push point for the government here thank you very much good morning and may it please the court my name is Mike Lang and with the United States of America miss Rouse received a fair trial and her conviction should be affirmed she raises three issues in her appeal and I'd like to raise address each of those in turn first as to the sufficiency of the evidence judge Smith did address the standard that this court must adopt in whether at least one trier fact taking the evidence in the light most favorable to the government could have concluded that miss Rouse aided and abetted the possession with intent to distribute marijuana miss Rouse was traveling on a small boat which traveled and on a five-hour trip at nighttime from Canada directly to a isolated beach which was closed as a park at 10 o'clock at night that June night where two men waited for the drugs to be transferred the navigation lights were off as they traveled to the drop-off point the boat was loaded with four hockey bags which in turn were stuffed with over 200 pounds of marijuana valued at over seven hundred fifty thousand dollars this court has previously found that the amount of marijuana and the value of it could be used to infer knowledge the boat was very small only sufficient room for two people to sit as judge Pius has noted the two people sat up front there was very little room in the back for four hockey bags I would submit to the court very likely at least two if not all of them were stuffed down in the bow and had to be removed at the drop-off and if the court has had the opportunity to view the video I don't know if you have it's a very quick perhaps three to four minute drop-off and these bags were removed from the boat fairly quickly assuming that the drugs were divided equally in among the four bags that's about 50 pounds a bag certainly mr. Gow would need some assistance in getting them over the back of the boat to the the waiting individual whoever that was McLeod or Clark there's one person seen on the video walking out to the boat picking up the marijuana mr. Gow gets out of the boat and takes at least two bags up to the beach but I would submit as well that miss Rouse by actually driving the boat and she there was an individual you can see it on the video holding the boat steady in the water while the bags are offloaded did right there aid and abet the crime somebody had to hold that boat steady as the tide was going in there was testimony about if the boat had not been held steady in the water it would have beached on the shore and miss Rouse aided and abetted the crime at the very least by holding the boat steady while these bags of marijuana were offloaded the video also shows somebody at the driver's helm leaving the helm for a moment going back to the rear area now I will concede I can't tell if there's a an active handoff or not from what I saw in the video but what I would point out is the physical makeup of the boat how it is in the water as mr. Gow is trying to reach in you have to assume he's picking up a 50-pound bag standing in the water with a boat rocking in the tide he would I would suggest to this court need some assistance to get a 50-pound bag over the side of the boat and miss Rouse's movement on the video would suggest and corroborate the physical layout of the scene that she would have had to lift assist in lifting that bag over the bags did smell strongly of marijuana I understand this wasn't in a closed van but at the very least when miss Rouse got on the boat she put a would have smelled it the boat also stopped about there for about five minutes there was certainly an opportunity to smell the marijuana at that point and finally at the drop-off point so all of these factors I would submit a rational trier fact could have found that miss Rouse knew a drug transfer was taking place in front of her eyes and she was assisting it either by holding the boat steady in the water or actively handing off one bag to Mr. Gow. Turning to the issue of Mitch Pribble's testimony agent Pribble's testimony the court properly admitted this as lay opinion testimony the standard of review as Judge Smith also pointed out is plain error in other words did the admission of this testimony affect substantial rights and seriously affect the fairness integrity or public reputation of the judicial proceedings and that standard has simply not been met in this case. Agent Pribble's testimony was rationally based on his perception he was able to look at the video it was helpful to a clear understanding of the issues this was an issue that was important to the fact finder at trial and it was not based on any scientific or technical knowledge he simply looked at the video and said in my experience that looks like an offload or a handoff to me that's what it looks like to me and the jury was free to either accept that or reject it. That testimony is no different than that offered in Von Willey where an experienced drug abuse officer testified that it's common for drug traffickers to possess or use weapons to protect drugs and that the mk-11 that gun in that case was particularly intimidating. These observations as the court this court found were common enough that they could be deemed lay witness opinion testimony that is the same as agent Pribble's testimony. As to the sentencing issue your honors, Ms. Rouse was sentenced to 12 months in a day which was almost two years below the guideline range the advisory guideline range the court clearly took into account her medical condition and felt that this situation based on her conduct was reasonable in light of her medical condition. Unless the court has any questions I would rest at this moment. Thank you. Thank you. I'll give you one minute. In rebuttal I would simply highlight one important feature of the evidence here in response to the government's argument. The government has argued as I understand it that the video showing the drop-off can be interpreted to include a depiction of Ms. Rouse assisting physically in the loading of marijuana because otherwise Mr. Gow physically would not have been able to handle these large bags of marijuana. But the video even is interpreted by agents Pribble and Ostrovsky shows at least two if not three full deliveries of bags of marijuana by Mr. Gow to the shore without any assistance. It's only the final bag and the retrieval of that bag to the shore that's the subject of our evidentiary challenge to agent Pribble's testimony. And agent Pribble didn't just say this looks like a drop-off or a handoff. He specifically testified repeatedly that the video shows Ms. Rouse physically lifting and delivering the bag to Mr. Gow. Thank you. Thank you. We appreciate both sides' arguments. The matter will be submitted. Our next case is a United States versus Philip Gonzalez.
judges: Fletcher, Paez, Smith